**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, a federally recognized Indian Tribe, on its own behalf and as Parens Patriae on behalf of its members, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA; U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES; SYLVIA MATHEWS BURWELL[**], Secretary of Health and Human Services; INDIAN HEALTH SERVICE; ROBERT G. McSWAIN, Acting Director, Indian Health Service; ROSE WEAHKEE, Acting Director, Indian Health Service, Phoenix Area Office; FORT YUMA SERVICE UNIT; DARYL MELVIN, Chief Executive Officer, Fort Yuma Service Unit, | No. 11-16334 <br><br> D.C. No. 2:10-cv-02261-FJM <br><br><br> MEMORANDUM[*] |

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]        Sylvia Mathews Burwell, Robert G. McSwain, Rose Weahkee, and Daryl Melvin are substituted for their predecessors pursuant to Fed. R. App. P. 43(c)(2).

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted March 10, 2015
San Francisco, California

Before: W. FLETCHER, DAVIS[***], and CHRISTEN, Circuit Judges.

Plaintiff Quechan Tribe alleges that the United States violated statutory, common law, and constitutional duties that it owes the Tribe when it provided inadequate medical care at the Fort Yuma Service Unit of the Indian Health Service ("IHS"). According to the complaint, the Unit's facilities are the oldest in the IHS system, are in a condition of disrepair, and create unsafe conditions for tribal members seeking care. The district court granted the government's motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Plaintiff alleges that the United States has a duty to meet a specific standard of adequate medical care based on (1) the federal-tribal trust relationship, and (2) two federal statutes, the Snyder Act and the Indian Health Care Improvement Act. However, the federal-tribal trust relationship does not, in itself, create a judicially

---

[***] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

enforceable duty. Rather, "trust obligations of the United States to the Indian tribes are established and governed by statute rather than the common law, and in fulfilling its statutory duties, the Government acts not as a private trustee but pursuant to its sovereign interest in the execution of federal law." *United States v. Jicarilla Apache Nation*, 131 S. Ct. 2313, 2318 (2011). Neither the Snyder Act nor the Indian Health Care Improvement Act contains sufficient trust-creating language on which to base a judicially enforceable duty. Both statutes "speak about Indian health only in general terms," *Lincoln v. Vigil*, 508 U.S. 182, 194 (1993), and neither requires the United States to provide a specific standard of medical care. *See* 25 U.S.C. § 13; 25 U.S.C. § 1601 *et seq*.

The Tribe also argues that this court should issue an order compelling IHS to maintain and operate the Fort Yuma Service Unit safely, and to allocate additional available funds to the Unit. This court cannot compel IHS to maintain the Unit because there is no specific, unequivocal statutory command requiring IHS to do so. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010). This court also cannot compel IHS to allocate greater funding to the Unit, because IHS's allocation of the lump-sum appropriation for Indian health care is committed to its discretion. *Lincoln*, 508 U.S. at 190–92.

Finally, Plaintiff has no judicially cognizable due process or equal protection claims. First, state actors are not liable for failures to protect individuals' due process rights to safe conditions in the absence of a special, custodial relationship. *Campbell v. Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 842–43 (9th Cir. 2011). Second, the Tribe failed to negate all possible bases that might support the distinction between funding for Fort Yuma and other facilities. *Los Coyotes Band of Cahuilla & Cupeño Indians v. Jewell*, 729 F.3d 1025, 1039 (9th Cir. 2013).

In closing, we emphasize that we appreciate the Tribe's commitment to ensuring adequate healthcare for its members, and we acknowledge the challenges faced by the Tribe in ensuring such care. However, the solution lies in Congress and the executive branch, not the courts.

**AFFIRMED.**